UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

EAST PORT EXCAVATING & UTILITIES
CONTRACTING CORP.,

                     Plaintiff,

      -against-

LOCAL 138, INTERNATIONAL UNION OF
OPERATING ENGINEERS,

                     Defendant.
-------------------------------------------------------X

**MEMORANDUM & ORDER
11 CV 982 (DRH)(ARL)**

**APPEARANCES:**

**Pita & Giblin LLP**
Attorneys for Defendant
120 Broadway, 28th Floor
New York, New York 10271
By:    Vincent M. Giblin, Esq.

**HURLEY, Senior District Judge:**

      This action was originally filed in Suffolk Count Supreme Court.  Defendant later

removed the case to this Court, citing section 301 of the Labor Management Relations Act, 29

U.S.C. § 185 as the basis for subject matter jurisdiction.[1] (Notice of Removal, docket no. 1.)

Now before the Court is defendant's motion for judgment on the pleadings pursuant to Fed. R.

Civ. P. 12(c).  For the reasons set forth below, defendant's motion is granted.

---

[1] *See* 29 U.S.C. 185(a)("Suits for violation of contracts between an employer and a labor
organization representing employees in an industry affecting commerce as defined in this Act,
or between any such labor organizations, may be brought in any district court of the United
States having jurisdiction of the parties, without respect to the amount in controversy or without
regard to the citizenship of the parties.").

## BACKGROUND

In November 2008, plaintiff entered into a contract with an entity known as G. Penza Sons Inc./Village Dock Inc. (hereinafter "Penza") to act as its subcontractor for work performed for the Long Island Rail Road.  Within that contract, plaintiff agreed "to have, onsite, a Master Mechanic who was a member of Defendant," a union. (Compl. ¶ 5.)  Plaintiff also alleges that it had a separate contract with defendant wherein defendant agreed to provide plaintiff, when requested, with operating engineers, including a Master Mechanic, for work on the jobsite. (Compl. ¶¶ 6, 7.)  The contract between plaintiff and defendant further contemplated that whenever the Master Mechanic provided is "unable to perform those functions adequately and in competent, professional and workmanlike manner," plaintiff would be entitled to a replacement. (Compl. ¶ 8.)

At some point in March 2009, plaintiff informed defendant that the Master Mechanic previously furnished was not performing adequately and asked for a replacement. Compl. ¶¶ 9-10.)  Defendant allegedly refused.  Plaintiff reiterated its request at the beginning of the next month to no avail. (Compl. ¶ 10.)  As a result, plaintiff was forced to terminate work at the jobsite. (Compl. ¶ 12.)

Plaintiff brings two claims as a result of defendant's alleged conduct: (1) that defendant breached its contract with plaintiff, and (2) that defendant tortuously interfered with the contract between plaintiff and Penza.  Defendant answered the Complaint, removed the action to this Court, and subsequently moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant argues that the contract referred to in the Complaint is a collective bargaining agreement ("CBA") which sets forth a detailed grievance and arbitration procedure for any disputes arising out of its terms and provisions.  Specifically, disputes arising out of work

performed under the CBA call for the formation of a panel of members of the Union and various contractors associations to render a binding decision to resolve the matter. (CBA, Art. IV § 1, attached to defendant's motion as Exhibit 3.)  In the event that a decision cannot be reached by the panel, the matter must be referred to arbitration. (*Id.*)

Defendant argues that because plaintiff brought this action to Court without employing the dispute-resolution apparatus set forth in the CBA, this action should be dismissed.  Plaintiff has not filed an opposition to the motion.

## DISCUSSION

I.   **STANDARD OF REVIEW**

a.   **Motion for Judgment on the Pleadings - Fed. R. Civ. P. 12(c)**

"'In deciding a Rule 12(c) motion, [a court] appl[ies] the same standard [regarding the sufficiency of a pleading] as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the Complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. at 562.

Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the Complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a Complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility

4

and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (*quoting and citing Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged - - but it has not 'show[n]' - - that the pleader is entitled to relief." *Id.* at 1950.

### b.  Documents Properly Considered

The Court may properly rely on material incorporated by reference in the pleadings in deciding defendant's motion. "Pleadings," for purposes of a motion under Rule 12(b)(6) or 12(c) "include not just the four corners of the Complaint, but also any written instrument attached to it as an exhibit or any statements or documents incorporated by reference." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 59 (S.D.N.Y. 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)) (internal quotation marks omitted); *see also Byrd v. City of New York*, No. 04-1396-cv, 2005 U.S. App. LEXIS 10820 (2d Cir. June 8, 2005) (applying the principle to a 12(c) motion for judgment on the pleadings).

Plaintiff alleges in the Complaint that during the period at issue, it had a "valid and existing contract" with defendant pertaining to the provision of operating engineers to plaintiff's worksites. (Compl. ¶ 6.) Defendant has attached a copy of that contract, or the CBA, to its motion. As plaintiff both relies on the language of that CBA in its Complaint, and incorporates such by reference, the Court may consider its content in deciding the instant motion.

## II.     The CBA's Grievance and Arbitration Procedures Are Enforceable

As noted above, the CBA not only contains provisions for the manner in which defendant dispatches employees to plaintiff's worksites, but also specific procedures to address disputes arising therein, including referral of the matter to arbitration.

Under was is often referred to as the "Steelworker Trilogy," the Supreme Court has expressed a preference for resolving disputes arising under a collective bargaining agreement through arbitration.  *See Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *see also* The Federal Arbitration Act, 9 U.S.C. § 2, (requiring that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").  To determine the arbitrability of claims arising under a collective bargaining agreement, the Second Circuit has devised a two-part test: "(1) whether the parties agreed to arbitrate disputes at all; and (2) whether the dispute at issue comes within the scope of the arbitration agreement." *Vera v. Saks & Co.*, 335 F.3d 109, 117 (2d Cir. 2003) (quoting *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.,* 307 F.3d 24, 28 (2d Cir. 2002)).  Furthermore,

> [w]hen a CBA contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*Id.* (quoting *Transit Mix Concrete Corp. v. Local Union No. 282, Int'l Brotherhood of Teamsters*, 809 F.2d 963, 968 (2d Cir. 1987)).

6

As to the first element above, the parties clearly agreed to subject any disputes under the CBA to arbitration.  Plaintiff alleges that the parties entered into the subject contract, a review of which shows a broad provision to arbitrate any dispute arising thereunder.  Specifically, Article IV of the CBA states that "[i]t is agreed that for the purpose of settling any dispute between the parties herein as to any claim for violation of this Agreement, or any dispute that may arise in connection therewith . . . the matter shall be taken up by the Employer with the Union." (CBA at 8.)  Article IV then sets forth a detailed grievance procedure to be followed in the event of a dispute, including, as noted above, the formation of a panel to resolve the matter.  Finally, the first section of Article IV closes by requiring that "in the event that the Panel deadlocks and cannot reach a decision as to the issue submitted, the matter shall be promptly submitted to an arbitrator agreed upon by the parties." (CBA at 9.)

As to the second element, Article IV's grievance and arbitration procedures apply to all disputes arising out of the Agreement, and "all work covered by this Agreement." (CBA at 8.)  Article I, section 3 of the CBA incorporates the Union's "Dispatching Procedure."  Defendant asserts and plaintiff does not dispute, that those procedures encompass the protocol for requesting and providing Union workers at issue in the Complaint.  Moreover, the Complaint alleges that defendant provided a Master Mechanic for work on the jobsite as contemplated in the "contract," and that the procedures for removing and replacing an underperforming worker were "part and parcel of the contract." (Compl. ¶¶ 7-8.)

As the dispute identified in the Complaint should have been resolved through the grievance and arbitration procedures set forth in the CBA, the Court must defer to the agreement's arbitration provision and dismiss plaintiff's breach of contract claim without

prejudice.

### III.    Plaintiff's Tortious Interference Claim

Defendant's motion does not take a position on whether plaintiff's claim for tortious interference with the contract is also encompassed by the CBA's grievance and arbitration provisions.  Regardless, however, the Court dismisses that claim under two alternate grounds.

First, to the extent that the claim is indeed encompassed by the CBA's grievance and arbitration provisions, the claim is dismissed without prejudice for the reasons pertaining to plaintiff's breach of contract claim set forth above.  Second, to the extent that the tortious interference claim is not covered by the CBA, the Labor Management Relations Act does not apply and the claim arises purely under state law.  The Court, having already dismissed plaintiff's federal claim, declines to exercise supplemental jurisdiction over any state law claims brought by plaintiff and dismisses such without prejudice.

### CONCLUSION

Accordingly, defendant's motion for judgment on the pleadings is granted, and plaintiff's Complaint is dismissed without prejudice.

SO ORDERED.

Dated: Central Islip, New York
       March 20, 2012                          _____/s_____
                                               Denis R. Hurley
                                               United States District Judge

8